UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BOBBY R. DAMRON, )<br>)<br>Plaintiff, )<br>)<br>)<br>VS. )<br>)<br>)<br>HARDEMAN COUNTY )<br>CORRECTIONAL FACILITY, ET AL., )<br>)<br>Defendants. ) | No. 20-1239-JDT-cgc |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On January 27, 2021, the Court dismissed the *pro se* prisoner complaint filed by Plaintiff Bobby R. Damron and granted leave to file an amended complaint. (ECF No. 7.) On February 9, 2021, Damron timely filed an amended complaint, which is now before the Court for screening. (ECF No. 8.)

In Damron's original complaint, he alleged other inmates at the HCCF had been allowed to "rob" him of various information and property,[1] that the use of illegal drugs is rampant in the facility and should be stopped by the Defendants, and that he was injured when unidentified "staff"

---

[1] The Court noted Damron alleged he was robbed of various "personal property, his computer data, identity, address, personal mail, and 'contacts with my outside family.'" (ECF No. 7 at PageID 5.) He also alleged he was robbed of "parole[,] commissary trust funds[,] phone . . . time sheets – print out sheets – classification[,]" and "medical." (ECF No. 1 at PageID 7, 9, 13.)

allowed other inmates to enter his cell and spray it with a harmful substance.[2] The Court dismissed the original complaint for failure to state a claim against any named Defendant. Any official-capacity claims against a Defendant employed by the Tennessee Department of Correction (TDOC) were barred by the Eleventh Amendment, and the official-capacity claims against the HCCF Defendants failed because Damron did not allege they violated his rights while acting pursuant to a policy or custom of their employer, CoreCivic.

With regard to the individual-capacity claims in the original complaint, Damron failed to allege any of the supervisory Defendants were personally involved to an extent that would support § 1983 liability. Furthermore, he did not adequately explain how the actions of Defendant Lanier, an HCCF Case Manager, was the cause of any violation of his constitutional rights.

Damron's amended complaint again alleges he was robbed by other inmates and that illegal drugs are prevalent within the HCCF.[3] He names supervisory TDOC and HCCF officials as Defendants but does not allege how any of them were personally involved in any violation of his constitutional rights; he merely asserts they are ultimately responsible because of their positions and because they have not responded to his complaints and grievances. The amended complaint also contains no additional allegations concerning Defendant Lanier.

A new allegation in the amended complaint is that Damron should have been transferred to another TDOC facility because he "placed incompatables [sic] on all JC unit and pod inmates." (ECF No. 8-1 at PageID 54.) Damron also, however, alleges he "was forced too [sic] move out of JC unit pod." (*Id.*) He does not state why a transfer to another prison was needed once he was

---

[2] The allegation that other inmates sprayed his cell was contained in a document received from Damron on November 17, 2020. (*See* ECF No. 6 at PageID 34.)

[3] The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal and will not be reiterated here. (*See* ECF No. 7 at PageID 39-41.)

moved out of JC pod.  Nor does Damron identify any prison employee allegedly responsible for denying a request for a transfer.

The Court concludes Damron's amended complaint does not correct the deficiencies in the original complaint and still does not sufficiently allege any named Defendant violated his constitutional rights.  The amended complaint, therefore, also fails to state a claim on which relief can be granted.  Accordingly, leave to file a further amendment is DENIED, and this case is DISMISSED with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Damron would not be taken in good faith.  Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Damron, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[4]  This strike shall take effect when judgment is entered.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] *See Damron v. State of Tennessee, et al.*, No. 1:96-cv-00052 (M.D. Tenn. Mar. 7, 1996) (dismissed as frivolous).

3